IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN M. WRIGHT, C.P.A.,
    et al.
v.

BARRY STEVE ASBURY

: Bankruptcy No. 91-5-2706JS
: Adversary No. 92-5257JS
: Civil Action No. WMN-00-1237
:
: (Consolidated with)
:
: Adversary No. 98-5733JS
: Civil Action No. WMN-00-1238

**MEMORANDUM**

In these consolidated appeals, Appellants[1] are challenging Bankruptcy Judge James Schneider's dismissal of two similar complaints challenging the Debtor's discharge in bankruptcy. For the reasons that follow, this Court will affirm the orders of the Bankruptcy Court.

The Debtor filed a Chapter 13 bankruptcy petition on May 3, 1991. Case No. 91-5-2706-JS. On September 23, 1991, the case was converted to a Chapter 7 bankruptcy. The Bankruptcy Court initially set a deadline of December 31, 1991, for the filing of objections to discharge or complaints to determine dischargeability of specific debts, but that deadline was moved to June 1, 1992 at the request of Appellants.

---

[1] Appellant Stephen M. Wright asserts that he is the only appellant. He further asserts that his co-plaintiff in the underlying adversarial action, Stephen M. Wright, CPA, P.A., has assigned all of its claims to him. The Court assumes that Mr. Wright has proceeded in this manner to avoid this Court's bar of any party, other than an individual, proceeding pro se. Because the P.A. has been a party for most of the proceedings below, the Court, for the sake of simplicity, will refer to both the individual and the P.A. as "Appellants."

On June 1, 1992, Appellants filed a pleading entitled, "Complaint Objecting to the Dischargeability of a Debt." The pleading cited no provisions of the Bankruptcy Code but sought in its prayer for relief, "a determination that the indebtedness owed by the defendant to the plaintiff is nondischargeable." The pleading also asked for a judgment in the amount allegedly owed Appellants. This complaint was dismissed for lack of a jurisdictional statement.

After two motions for reconsideration, the Bankruptcy Court vacated the dismissal and permitted Appellants to file an amended pleading captioned, "Second Amended Complaint Objecting to the Dischargeability of a Debt." This pleading was similar to the original pleading but included in its jurisdictional statement, "[t]hat the obligation due Plaintiff is excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2) and (a)(4)."

On March 1, 1994, the Clerk of the Bankruptcy Court issued, as a matter of course, a Chapter 7 discharge for the Debtor. As Judge Schneider has noted, it is standard operating procedure for the Bankruptcy Court to issue a Chapter 7 discharge without regard to the pendency of a complaint under § 523 to determine the dischargeability of a debt. The debt contested under the § 523 complaint is simply treated as excepted from discharge during the pendency of the adversary action and, should the plaintiff prevail, the debt is then permanently excepted from discharge.

2

If, however, a complaint objecting to discharge pursuant to § 727 is pending, the Bankruptcy Court should not issue a discharge. If a discharge is issued in error during the pendency of a § 727 complaint, the discharge would be routinely stricken once the error was discovered. In this instance, as the complaint was characterized as a § 523 objection to the dischargeability of a specific debt, the discharge was never stricken.

On June 16, 1995, Appellants filed a pleading captioned, "Motion for Summary Judgment on Issue of Non-Dischargeability." The pleading indicated that it was being brought pursuant to § 727 and stated that the appellants "oppose[] Mr. Asbury's discharge under Section 727(a). It appears that this was Appellants' first reference to § 727 in the adversary proceeding. On September 22, 1995, Appellants filed a pretrial order that again cited § 727.

A trial in the adversary action was held in the Bankruptcy Court in September 1995. At the conclusion of the Appellants' case, Judge Schneider, construing the complaint as one brought exclusively pursuant to § 523, dismissed the complaint after observing that all the evidence presented was evidence related to grounds for the denial of a discharge under § 727. In so ruling, Judge Schneider expressed the concern that allowing the Appellant to change their cause of action mid-stream would result in an "ambush" of the Debtor.

That decision was appealed to this Court and the undersigned concluded, based on the record and arguments presented to it, that the Bankruptcy Court should have allowed the Appellants to present their cause of action under § 727. While recognizing the difference between a claim under § 523 and § 727, this Court concluded that the Debtor's professed concern about being ambushed was "disingenuous at best" as Appellants had raised the § 727 issue earlier, specifically in their motion for summary judgment filed at least three months prior to the trial.

On remand, the Bankruptcy Court allowed the complaint to be amended to include a cause of action under § 727, but then, after a second hearing, proceeded to dismiss the complaint on the ground that the Debtor's discharge on March 1, 1994 "effectively blocked the plaintiff from maintaining the instant complaint as one objecting to discharge." Bankruptcy Court's March 31, 1998 Memorandum at 5. After the Bankruptcy Court denied several post-judgment motions, Appellants filed the instant appeal. The essence of Appellants' current position is that, because they prevailed on the last appeal, they must certainly prevail this time as well. That conclusion does not necessarily follow.

In the prior appeal, as in this one, all parties proceeded pro se. Unfortunately, when parties represent themselves in areas as complex and specialized as bankruptcy, the parties sometimes fail to raise critical issues. Often, the Court will

4

spot and raise those issues on its own. In this situation, it did not. As Judge Schneider observed, while this Court may have been correct that the motion for summary judgment put the Debtor on notice that Appellants were proceeding on § 727 cause of action, "the District Court did not consider the fact that the motion for summary judgment was also filed after the deadline and after the debtor had received a discharge." Id. at 21.

Under the Bankruptcy Code, the circumstances under which a discharge, once granted, can be revoked are narrowly circumscribed. See 11 U.S.C. § 727(d). The Bankruptcy Court concluded, and this Court must now agree, that Appellants did not present circumstances supporting revocation. Even had the summary judgment motion been construed as an attempt to amend the complaint, that amendment would have come too late. Accordingly, the Court will affirm the decision of the Bankruptcy Court dismissing the Third Amended Complaint in Adversary No. 92-5257-JS.

The other adversary action consolidated in this appeal, Adversary No. 98-5733-JS, raised the identical issue, Appellants sought the revocation of Debtor's discharge. On March 10, 2000, Judge Schneider dismissed that action for the same reasons as he dismissed the complaint and denied the post judgment motions in Adversary No. 91-5257-JS. Likewise, this Court will affirm that decision.

Finally, Debtor has moved for an order "fixing costs of court to the appellant." Paper No. 11. In his March 10, 2000 order, Judge Schneider held that costs were to be assessed to the Appellants. Debtor, uncertain how court costs are assessed, asks that this Court award him $50,000 in compensation for expenses, lost income, stress, and duress caused by Appellants' pursuit of this litigation. This Court is without authority to order such relief. Costs are awarded by the Bankruptcy Court upon the filing of a Bill of Costs. See Local Bankr. Rule 7054-1.

A separate order will issue.

_____
William M. Nickerson
United States District Judge

Dated: February 27, 2001.